Hearing Date: **March 4, 2015**<br>
Time: **11:00 a.m.**

CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY  11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Attorneys for New York Commercial Bank

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                            Chapter 11
                                                  Case No.: 14-75672 (AST)

Carman Development Corp.,

                  Debtor.

------------------------------------------------------------X

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 4, 2015 at 11:00 a.m., New York Commercial Bank ("NYCX"), by and through its attorneys Cullen and Dykman LLP, will move (the "Motion") before the Honorable Alan S. Trust, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York, located at 290 Federal Plaza, Central Islip, New York 11722, or as soon thereafter as counsel can be heard, for an Order granting NYCX relief from the automatic stay and prohibiting the Debtor's use of cash collateral or, alternatively, granting adequate protection.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in

accordance with the Revised General Order (and Exhibit 1 to the Revised General Order, which can be found http://www.nyeb.uscourts.gov, the official website of the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with the Revised General Order upon (i) Cullen and Dykman LLP, 100 Quentin Roosevelt Blvd, Garden City, New York 11530, attention: Bonnie L. Pollack, Esq. and (ii) the Office of the United States Trustee, Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, in order that they be received no later than 4:00 p.m. on February 25, 2015.

Dated: Garden City, New York
       January 12, 2015

                                          CULLEN AND DYKMAN LLP
                                          Attorneys for New York Commercial Bank

                                      By:    s/Bonnie L. Pollack
                                                   Matthew G. Roseman, Esq.
                                                   Bonnie L. Pollack, Esq.
                                                   100 Quentin Roosevelt Boulevard
                                                   Garden City, New York 11530
                                                   (516) 357-3700

CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Attorneys for New York Commercial Bank

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                          Case No.: 14-75672 (AST)

Carman Development Corp.,

                    Debtor.

-----------------------------------------------------------------X

## MOTION BY NEW YORK COMMERCIAL BANK FOR RELIEF FROM THE AUTOMATIC STAY AND TO PROHIBIT USE OF CASH COLLATERAL AND/OR FOR ADEQUATE PROTECTION

To the Honorable Alan S. Trust, United States Bankruptcy Judge:

New York Commercial Bank ("NYCX"), by and through its attorneys Cullen and Dykman LLP, as and for its motion for relief from the automatic stay and to prohibit the use of cash collateral and/or for adequate protection, respectfully alleges as follows:

### INTRODUCTION

1.    On December 24, 2014 (the "Petition Date"), Carman Development Corp. (the "Debtor")[1] filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York.

---

[1] Fourteen related debtors also filed petitions for relief at the same time.

2. No trustee, examiner or creditor's committee has been formed or appointed in the Debtor's case, and the Debtor remains in possession of its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. §§ 157(b) (2)(A), (G) and (O).

## BACKGROUND

4. The Debtor is the owner of certain property located at 865 Carman Avenue, Westbury, New York (the "Property"). A gas station, convenience store and repair shop is operated at the Property.

5. On December 4, 2013, the Debtor executed and delivered to NYCX a mortgage against the Property in the amount of $1,725,000 (the "Mortgage") to secure the indebtedness of Marketing Inc. of Islandia ("Marketing") to NYCX pursuant to a Secured Promissory Note executed and delivered to NYCX by Marketing in the amount of $1,725,000 on the same day (the "Note"). The Mortgage was recorded on February 7, 2014. Copies of the Note and Mortgage are annexed hereto as Exhibit "A".

6. On December 4, 2014, the Debtor also executed an Assignment of Leases and Rents with respect to the Property in favor of NYCX (the "ALR"), a copy of which is annexed hereto as Exhibit "B".

7. Marketing defaulted under the Note by failing to pay all amounts due thereunder when the Note matured on July 1, 2014. By letter dated July 1, 2014, Marketing was notified of its default under the Note and demand was made on Marketing for full payment of all amounts due thereunder. By letter dated December 17, 2014, the Debtor was likewise notified of the default of Marketing under the Note.

8. NYCX was due the amount of $2,173,593.25 on this Note from the Debtor as of the Petition Date (the "NYCX Debt")[2].

9. Prior to maturity of the Note, the Debtor was required to make payments of interest to NYCX in the amount of $8,912.50 in a 31 day month and $8,625.00 in a 30 day month, totaling $104,937.50 per year.

10. For the reasons set forth below, NYCX submits that cause exists to vacate the automatic stay to permit it to proceed with a foreclosure action against the Property as well as to prohibit the Debtor's use of cash collateral and/or to grant NYCX adequate protection.

## NYCX IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY

11. Section 362 of the Bankruptcy Code provides for a broad stay of acts to collect debts against the debtor or to affect property of the estate. Sections 362(d)(1) and (d)(2), however, require the Court to grant relief from the stay in certain circumstances, both of which are present here. First, under section 362(d)(1) of the Bankruptcy Code, relief from the stay should be granted upon a showing of "cause" for such relief. "Cause" is not defined in the Bankruptcy Code but is determined on a case by case basis. Pursiful v. Eakin, 814 F.2d 1501, 1506 (10th Cir. 1987); In re South Oakes Furniture, Inc., 167 B.R. 307, 308 (Bankr. M.D. Ga. 1994); In re M.J. & K Co., Inc., 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). In determining whether to modify the stay, the court must "'consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate.'" M.J. & K., 161 B.R. at 590, quoting In re Mego Int'l, Inc., 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983). Thus, "cause" is a broad and flexible concept. M.J. & K., 161 B.R. at 590.

---

[2] The Debtor is also liable as a guarantor of various other liabilities of Marketing and Steve Keshtgar, its principal, to NYCX in the additional amount of $5,182,885.19. However, only the obligations under this Note are secured by the Mortgage.

12. Although the grant or the denial of relief from the stay is a matter traditionally viewed as being within the discretion of the Bankruptcy Code, the Court must grant relief from the stay if the collateral is not adequately protected. See In re Woodfield Furniture Clearance Center of Suffolk, Inc., 102 B.R. 327 (Bankr. E.D.N.Y. 1989); In re Diplomat Electronics Corp, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988) ("[I]f the court finds that . . . the secured creditor lacks adequate protection . . . the court must lift the stay.").

13. A debtor's failure to make the post-petition payments required under its loan documents constitutes cause for relief from the automatic stay pursuant to section 362 of the Bankruptcy Code. In re Elmira Litho, 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994) (prima facie case established by demonstrating debtor has completely failed or substantially failed to make post-petition payments).

14. Cause exists to grant NYCX relief from the stay in this case. The Debtor has failed to make post-petition payments to NYCX and has not evidenced an intent to make any payments to NYCX. Moreover, pursuant to the ALR, NYCX has a security interest in the rents generated from the Property and said rents constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code. As there is a tenant in the repair shop portion of the Property, the Debtor may be collecting and using NYCX's "cash collateral" without NYCX's consent and without a Court order authorizing such use, thereby eroding NYCX's collateral in violation of the Bankruptcy Code. Furthermore, it is unclear as to whether the Debtor has paid real estate taxes in connection with the Property, an obligation of the Debtor under the Mortgage.

15. Accordingly, NYCX submits that cause exists to vacate the automatic stay under section 362(d)(1) of the Bankruptcy Code to permit it to proceed with a foreclosure action against the Property.

16. In addition to the foregoing, grounds exist to grant relief from the automatic stay under section 362(d)(2) of the Bankruptcy Code. Under section 362(d)(2), the Court shall grant relief from the automatic stay of an act against property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

17. NYCX commissioned an appraisal of the Property in November 2014, which indicated a value of $1,050,000, a copy of which is annexed hereto as Exhibit "C".[3] Given the NYCX Debt of $2,173,593.25 on the Note, the Debtor clearly has no equity in the Property.

18. Moreover, NYCX does not believe that the Property is necessary for an effective reorganization. Although undoubtedly the Debtor will argue that its reorganization cannot be achieved without the Property, the Debtor must nevertheless demonstrate that it has a reasonable prospect of reorganization. What is required under section 362(d)(2) "is not merely showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means…that there must be 'a reasonable possibility of a successful reorganization within a reasonable time period'". United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 375-6 (1988) (citations omitted) (emphasis in original); see also, In re Pegasus Agency, Inc., 101 F.3d 882, 886 (2d. Cir. 1996). "It goes without saying that an effective reorganization cannot be based solely on speculation". In re Kent Terminal Corp., 166 B.R. 555, 562 (Bankr. S.D.N.Y. 1994), citing In re Saypol, 31 B.R. 796, 803 (Bankr. S.D.N.Y. 1983). "Mere dreams" of a reorganization cannot sustain the automatic stay. In re New Era Co., 125 B.R. 725, 730 (Bankr. S.D.N.Y. 1991).

19. In In the Matter of Anchorage Boat Sales, Inc., 4 B.R. 635 (Bankr. E.D.N.Y. 1980), the Court found that the debtor's property was not necessary to an effective reorganization

---

[3] Because the appraisal is voluminous, it is not attached in its entirety but is available upon request.

because there was no possibility of an effective reorganization. In that case, nothing in the record indicated that the debtor was able to generate sufficient revenues to meet its obligations nor did the debtor have an outside source of funds which would enable it to finance a plan. Thus, the Court concluded that the debtor's encumbered property was not essential because there was no possibility that it could reorganize, and that the stay should be lifted to allow the lender to proceed to foreclose on its security interest. Anchorage Boat Sales, 4 B.R. at 641; see also In the Matter of Boca Development Associates, 21 B.R. 624, 630 (Bankr. S.D.N.Y. 1982) (among other things, there was no proof that financing will be available for a plan. The Debtor, therefore, did not establish that an effective reorganization was likely.).

20. In this case, NYCX does not believe that the Debtor has a reasonable prospect of reorganization. First, since the Note matured by its terms prior to the Petition Date, the Debtor is unable to cure its arrears to NYCX absent full payment of the amount of the NYCX Debt. Given that the NYCX Debt is a far greater than the value of the Property, there is no reasonable possibility of reorganization by curing the Debtor's default. It is also not feasible for the Debtor to pay off the NYCX Debt over time. A review of the Debtor's 2013 tax return, a copy of which is annexed hereto as Exhibit "D", indicates that the Debtor suffered a net operating loss of $4,341 in 2013. Of importance is the fact that in 2013, pursuant to the Debtor's tax return, the Debtor only paid $24,421 in interest, which is $80,000 less than the interest required under the Note. Therefore, the Debtor had an effective operating loss of approximately $85,000 in 2013.

21. Since the payments required under the $1,725,000 Note are far less than payments that would be required under a $2,173,593.25 note, there is no conceivable way for the Debtor to make payments to NYCX going forward and no reasonable prospect of reorganization in this case. Thus, the Debtor would be hard pressed to seriously argue that it has an ability to

reorganize and NYCX submits that the Property is not necessary for an effective reorganization since there is no reasonable chance of reorganization to begin with.

22.     Based on the foregoing, NYCX believes that grounds exist under section 362(d)(2) of the Bankruptcy Code to vacate the automatic stay to permit NYCX to proceed with a foreclosure action.

## THE DEBTOR SHOULD BE PROHIBITED FROM USING CASH COLLATERAL

23.     As set forth above, the rents from the Property constitute NYCX's "cash collateral" which, upon information and belief, the Debtor may be using without NYCX's consent. The Court should therefore issue an order under section 105(a) of the Bankruptcy Code prohibiting the Debtor from using NYCX's cash collateral. Section 105(a) permits the Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. See, 11 U.S.C. § 105(a). To the extent the Debtor collects any rent from its tenant at the Property, it should turn same over to NYCX and should be prohibited from using same without NYCX's consent or court order under section 363(c)(2) of the Bankruptcy Code.

## ALTERNATIVELY, NYCX SHOULD BE GRANTED ADEQUATE PROTECTION

24.     If the Court is not inclined to grant relief from the automatic stay, NYCX is entitled to adequate protection of its security interest in the Property and in the rents generated from the Property. Although the term "adequate protection" is not defined in the Bankruptcy Code, section 361 of the Bankruptcy Code provides examples of what might constitute such adequate protection, including periodic cash payments to the extent necessary to compensate for any decrease in the value of NYCX's interest in the rents and the Property, granting additional

replacements liens to NYCX or granting NYCX "the indubitable equivalent" of its interest in the rents and the Property.

25. NYCX submits that if the stay is not vacated, the Debtor should be directed, at a minimum, to make the payments which were required of it prior to maturity to compensate NYCX for the diminution in the value of the rents and the Property during the pendency of this case.

### CONCLUSION

26. As discussed above, NYCX believes that the facts of this case establish cause to either vacate the automatic stay to permit NYCX to proceed with a foreclosure action and/or to grant NYCX adequate protection. Additionally, the Debtor should be prohibited from using NYCX's cash collateral.

27. Pursuant to Local Bankruptcy Rule 4001-1 and E.D.N.Y. Administrative Order #553, a completed Motion for Relief Worksheet and Declaration is attached hereto as Exhibit "E". The Worksheet, dated January 12, 2015, has been executed by Henry Yabroudy on behalf of NYCX.

28. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, NYCX respectfully requests that the Court grant the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       January 12, 2015

                                    CULLEN AND DYKMAN LLP

                                    By: /s/ Bonnie L. Pollack
                                    Matthew G. Roseman, Esq.
                                    Bonnie L. Pollack, Esq.
                                    Attorneys for New York Commercial Bank
                                    100 Quentin Roosevelt Boulevard
                                    Garden City, New York 11530
                                    (516) 357-3700