UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re

**MEDFORD DEVELOPMENT CORP.,**
**MOTOR PARKWAY ENTERPRISES, INC.**
**AIRPORT DEVELOPMENT CORP.,**
**WHEELER DEVELOPMENT, LLC,**
**SMITHTOWN DEVELOPMENT CORP.,**
**BRENTWOOD DEVELOPMENT CORP.,**
**HOLBROOK DEVELOPMENT CORP.,**
**CARMAN DEVELOPMENT CORP.,**
**MAPLE AVENUE HAUPPAGE DEV. CORP.**
**PORT JEFFERSON DEVELOPMENT CORP.,**
**RONKONKOMA DEVELOPMENT CORP.,**
**ISLANDIA DEVELOPMENT CORP.,**
**OCEANSIDE ENTERPRISES INC.,**
**ISLIP DEVELOPMENT CORP.,**
**WESTBURY ENTERPRISES INC.,**

                                                    Debtors.
-----------------------------------------------------------x

**Status Hearing Date and Time:**
January 26, 2015 @ 2 p.m.

**Objections due:**
January 22, 2015 @ 5 p.m.
Chapter 11

Case No.  14-75666 (ast)
Case No.  14-75667 (ast)
Case No.  14-75683 (ast)
Case No.  14-75668 (ast)
Case No.  14-75669 (ast)
Case No.  14-75670 (ast)
Case No.  14-75671 (ast)
Case No.  14-75672 (ast)
Case No.  14-75674 (ast)
Case No.  14-75675 (ast)
Case No.  14-75676 (ast)
Case No.  14-75677 (ast)
Case No.  14-75678 (ast)
Case No.  14-75679 (ast)
Case No.  14-75680 (ast)

(Jointly Administered)


**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE DEBTORS' MOTION TO (I) AUTHORIZE THE SALE OF SUBSTANTIALLY ALL OF CERTAIN DEBTORS' ASSETS; (II) AUTHORIZE THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) EXTEND THE TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FOR RELATED RELIEF**


TO:    THE HONORABLE ALAN S. TRUST;
       UNITED STATES BANKRUPTCY JUDGE:

           WILLIAM K. HARRINGTON, United States Trustee for Region 2 (the "US

Trustee"), by his counsel Christine H. Black, Esq., and pursuant to his duties under 28 U.S.C.

1

section 586, objects to the application of Medford Development Corp.'s and its affiliated entities in this jointly administered chapter 11 case (the "Debtors") seeking entry of an order to (I) Authorize the Sale of Substantially All of Certain Debtors' Assets; (II) Authorize the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (III) Extend the Time to Assume or Reject Executory Contracts and related relief including approval of the bidding procedures (the "Sale Motion") represents as follows:

## PRELIMINARY STATEMENT

1. The United States Trustee objects to the Sale Motion to the extent that it fails to set forth a marketing plan for the assets and fails to delineate any procedure to provide notice for the proposed sale and auction. Under the terms of the Bidding Procedures, it does not appear that the Cumberland Debtors (as hereinafter defined) have adequately marketed their assets to assure the highest and best offers are generated, and that the Bidding Procedures as currently drafted fail to provide adequate notice.

## FACTS

2. On December 24, 2014, (the "Filing Date") Medford Development Corp., ("Medford") together with the following related entities: Motor Parkway Enterprises, Inc. ("Motor:"); Airport Development Corp. ("Airport"); Wheeler Development, LLC ("Wheeler"); Brentwood Development Corp. ("Brentwood"); Smithtown Development Corp. ("Smithtown"); Holbrook Development Corp.("Holbrook"); Carman Development Corp.("Carman"); Maple Avenue Hauppauge Development Corp. ("Maple"); Port Jefferson Development Corp.("Port Jefferson"); Ronkonkoma Development Corp. ("Ronkonkoma"); Islandia Development Corp. ("Islandia"); Oceanside Enterprises, Inc. ("Oceanside"); Islip Development Corp.; ("Islip") and Westbury Enterprises, Inc. ("Westbury") (collectively, the "Debtors") each filed voluntary

petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. According to the bare-bone petitions, each of the Debtors operates a gasoline service station. One hundred percent of the shares of each of Debtors is owned by Steve Keshtgar ("Keshtgar"). Although schedules have yet to be filed, upon information and belief, ten of the stations were Cumberland franchises, hereinafter defined as the "Cumberland Debtors," and 5 were operated as BPs. Since the Filing Date, and in accordance with sections 1107 and 1108 of the Bankruptcy Code, the Debtors have remained possession of their assets as debtors in possession, but upon information and belief, the Cumberland Debtors have not been operating.

4. Upon information and belief, pre-petition, the Debtors up-streamed all of their collections to another entity, Marketing Inc. of Islandia, which entity has not sought bankruptcy relief.

5. On December 31, 2014, the Debtors filed a motion returnable on February 25, 2014 seeking entry of an order providing for joint administration. (ECF Docket Number 10). On January 6, 2015 the Debtors filed a motion also returnable on February 25, 2015 seeking an extension through March 9, 2015 of the time within which to file schedules (ECF Docket Number 15). On January 7, 2015, the United States Trustee filed a letter requesting a status conference to address certain administrative matters related to the cases (ECF Docket Number 16).

6. On January 9, 2015, the Court signed an order procedurally consolidating the Debtors' cases (ECF Docket Number 18) and scheduling a status conference for January 26, 2015. (ECF Docket Number 19). The Court also set March 18, 2015 as the bar date. (ECF Docket Number 20).

7. On January 9, 2015 Cumberland moved seeking relief from the automatic stay (ECF Docket Number 23).

8. On January 12, 2015, New York Community Bank (NYCB) which asserts a blanket lien on all of the Debtors' assets, moved seeking relief from the stay ("NYCB Stay Motion") (ECF Docket Number 27), and entry of an order prohibiting the use of cash collateral (ECF Docket Number 29). The Court scheduled a hearing on NYCB's Stay Motion for January 26, 2015 (ECF Docket Number 35) ("NYCB's Motions").

9. On January 13, 2015, Keshtgar caused seven related service stations to file chapter 7 bankruptcy cases (the "Chapter 7 Debtors"). Robert Pryor was appointed as the interim chapter 7 trustee.

10. Also on January 13, 2015, Cumberland filed two substantive motions. The first motion under Bankruptcy Code section 1112(b), seeks the conversion or dismissal (the "Conversion Motion") of 10 of the Debtors' cases that is: Wheeler; Airport; Brentwood; Islandia; Islip; Medford; Oceanside; Ronkonkoma; Smithtown; and Westbury ("Cumberland Debtors"). The second motion sought approval of a stipulation with the Cumberland Debtors permitting Gulf to secure the premises against vandalism and environmental damages.

11. The following day, the Debtors filed the Sale Motion seeking approval of sale of certain Debtors' assets, and approval of the bidding procedures ("Bidding Procedures") (ECF Docket Number 47) for the sale of eight Debtors: Islandia; Islip; Medford; Oceanside; Ronkonkoma; Smithtown; Westbury and Wheeler, each of which is also a Cumberland Debtor.

12. On January 14, 2015, the Court entered an order scheduling a status conference for January 26, 2015 in connection with the Conversion Motion (ECF Docket Number 50) and the Bidding Procedures, the same date and time as the NYCB's Motions.

13. On January 15, 2015 the Court held an emergency hearing with respect to Cumberland's request for a modification of the automatic stay with respect to the Chapter 7 Debtors. During the hearing, it was determined that the Cumberland Debtors were not operating and the Court directed that the stipulation between Gulf and the Cumberland Debtors, wherein Gulf would be permitted access to the premises for the purpose of securing the premises, be submitted to the Court by notice of presentment.

14. Shortly thereafter an order approving the stipulation between Gulf and the Cumberland Debtors empowering Gulf to enter onto the premises to secure the premises of the Cumberland Debtors against vandalism and environmental damage was circulated for purposes of Court approval.

15. On January 21, 2015, NYCB, by letter agreed to withdraw its Stay Motion in the event the Sale Motion is approved.

16. In the Sale Motion, the Cumberland Debtors are seeking authority to sell their assets, either at an auction of through a private sale, to extend the statutory periods within which the Cumberland Debtors' leases must be assumed or rejected, and to approve certain sale and bidding procedures with an anticipated auction date of March 18, 2015 (See the Sale Motion, ECF Docket Number 47).

## APPLICABLE LAW

I. **Under §363 Sales are permitted**

17. Under §363 of the Bankruptcy Code after notice and hearing, a debtor in possession may sell the property of the estate out of the ordinary course, provided certain requirements are satisfied. 11 U.S.C. §363(b) and (f). A sale of all of the debtor's assets

requires a showing of a "good business reason." *In Re Lionel Corp.,* 722 F.2d 1063 (2d Cir. 1983).

18. The sale is required to be in accordance Rule 6004 of the Federal Rules of Bankruptcy Procedure. ("Bankruptcy Rule").

19. Bankruptcy Rule 6004 requires that there be a notice of the proposed sale and under Bankruptcy Rule 2002 there must be at least 21 days' notice provided to interested parties. Bankruptcy Rule 2002 (l) permits notice by publication when notice by mail is impractical or found to be insufficient.

20. The Eastern District of New York Sale Guidelines provide that at the hearing for sale approval the proponent make a factual showing that the marketing efforts have been adequate under the circumstances of the case. (See Administrative Order 557 at 1.c(ii)).

21. The United States Trustee submits that the Sale Motion does not contain an adequate factual basis from which to conclude that the Cumberland Debtors have effectively marketed the assets, and the Bidding Procedures do not provide adequate notice. Viewed together, it does not appear that the proposals are sufficient to assure that the sale will generate the highest and best offer.

22. While the Bidding Procedures discuss the concept of retaining a broker to market the Cumberland Debtors, this does not appear to be a concrete proposal with an agreement in place. Moreover, the proposed terms appear to a time greater than the schedule set forth in the Sale Motion. (See Sale Motion at ¶48-49).

23. The proposal for a publication of a notice of sale, seems to be linked solely to retention of a broker, which to date has not occurred. So while it appears from a reading

of the Bidding Procedures, that the Cumberland Debtors are seeking to obtain offers from others, there does not appear to be a strategy to reach out to other potential bidders.

24. No proposed notice is annexed to the Sale Motion, and it appears that if the Bidding Procedures are approved, the outcome will be that of a private sale of the Cumberland Debtors to those entities that have been lucky enough to get their contracts drafted expeditiously. This is especially troubling because it is conceded at paragraph 52 of the Sale Motion the "[S]ince the Petition Date, Debtors have received various other offers to purchase substantially all of the Debtors' assets at prices higher than the Sale Contracts."

## CONCLUSION

25. The United States Trustee requests that the Bidding Procedures not be approved because as presently structure, they are not calculated to assure that the Debtors obtain the highest and best offer.

**WHEREFORE** it is respectfully requested that approval of the Bidding Procedures be denied in their present format and that the Court grant such other and further relief as may be just and proper.

DATED:  Central Islip, New York  
           January  22, 2015

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE REGION 2  
Alfonse M. D'Amato Federal Courthouse  
590 Federal Plaza  
Central Islip, New York  11722  
Telephone (631) 715 7800

By: ***/s/ Christine H. Black***  
    Christine H. Black  
    Assistant United States Trustee