UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

In re:                                                               Chapter 11

Medford Development Corp.                           Case No.: 8-14-75666 (AST)
Motor Parkway Enterprises Inc.                      Case No.: 8-14-75667 (AST)
Airport Development Corp.                           Case No.: 8-14-75683 (AST)
Wheeler Development LLC                             Case No.: 8-14-75668 (AST)
Smithtown Development Corp.                         Case No.: 8-14-75669 (AST)
Brentwood Development Corp.                         Case No.: 8-14-75670 (AST)
Holbrook Development Corp.                          Case No.: 8-14-75671 (AST)
Carman Development Corp.                            Case No.: 8-14-75672 (AST)
Maple Avenue Hauppauge Dev. Corp.                   Case No.: 8-14-75674 (AST)
Port Jefferson Development Corp.                    Case No.: 8-14-75675 (AST)
Ronkonkoma Development Corp.                        Case No.: 8-14-75676 (AST)
Islandia Development Corp.                          Case No.: 8-14-75677 (AST)
Oceanside Enterprises Inc.                          Case No.: 8-14-75678 (AST)
Islip Development Corp.                             Case No.: 8-14-75679 (AST)
Westbury Enterprises Inc.                           Case No.: 8-14-75680 (AST)

                              Debtors.              (Jointly Administered)

------------------------------------------------------------------ X

**<u>AFFIDAVIT IN OPPOSITION TO MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d), DECLARING FRANCHISE AGREEMENTS TO BE TERMINATED PURSUANT TO 15 U.S.C. §2802, DECLARING LEASES TO BE TERMINATED, AND GRANTING LEAVE TO CUMBERLAND FARMS, INC. AND GULF OIL LIMITED PARTNERSHIP TO PURSUE THEIR RIGHTS UNDER THE FRANCHISE AGREEMENTS AND LEASES AND IN OPPOSITION TO GULF'S MOTION FOR ENTRY OF AN ORDER CONVERTING CASES UNDER CHAPTER ELEVEN TO CASES UNDER CHAPTER 7 PURSUANT TO 11 U.S.C §1112(b)</u>**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF SUFFOLK    )

**STEVE KESHTGAR,** duly sworn under the penalty of perjury, states:

1. I am the principal of Medford Development Corp. and its affiliated entities (collectively, the "Debtors"),[1] the above-referenced debtors and debtors-in-possession, and, as such, and fully familiar with the facts and circumstances surrounding this matter.

2. I submit this affidavit in opposition to Gulf Oil Limited Partnership and Cumberland Farms, Inc.'s (collectively, "Gulf") motion for entry of an order (1) granting relief from the automatic stay pursuant to 11 U.S.C. §362(d), (2) declaring Franchise Agreements to be terminated pursuant to 15 U.S.C. §2802, (3) declaring Leases to be terminated, (4) granting leave to Cumberland Farms, Inc. and Gulf Oil Limited Partnership to pursue their rights under the Franchise Agreements and Leases (the "Motion"), dated January 9, 2015, and in opposition to Gulf's motion to convert this case to one under Chapter 7, dated January 13, 2015.

3. It is respectfully submitted that the sale of substantially all of the Gulf Debtors' assets, as provided for in the Sale Motion, is in the best interests of the Debtors' estates and creditors. Furthermore, it represents a valid exercise of the Debtors' business judgment as a debtor-in-possession and will maximize the value to the Debtors' estates and creditors, including Gulf and New York Commercial Bank ("NYCB"). If Gulf is granted the relief sought in their motions, there will be a detrimental impact of the estates in these proceedings.

**I.    THE FRANCHISE AGREEMENTS WERE EXECUTORY AND THE LEASES WERE UNEXPIRED AS OF THE PETITION DATE**

    *(A)    Neither the Franchise Agreements nor the Leases were Terminated as of the Petition Date and Filing Time*

---

[1] The Debtors, with associated case numbers, are as follows: (1) Medford Development Corp., 14-75666 (AST); (2) Motor Parkway Enterprises, Inc., 14-75667 (AST); (3) Airport Development Corp., 14-75683 (AST); (4) Wheeler Development LLC, 14-75668 (AST); (5) Smithtown Development Corp., 14-75669 (AST); (6) Brentwood Development Corp., 14-75670 (AST); (7) Holbrook Development Corp., 14-75671 (AST); (8) Carman Development Corp., 14-75672 (AST); (9) Maple Avenue Hauppauge Dev. Corp., 14-75674 (AST); (10) Port Jefferson Development Corp., 14-75675 (AST); (11) Ronkonkoma Development Corp., 14-75676 (AST); (12) Islandia Development Corp., 14-75676 (AST); (13) Oceanside Enterprises Corp., 14-75678 (AST); (14) Islip Development Corp., 14-75679 (AST); and (15) Westbury Enterprises Inc., 14-75680 (AST).

4. On December 24, 2014 (the "Petition Date"), between 11:32 a.m. and 12:18 p.m. (the "Filing Time"), the Debtors filed fifteen (15) voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. Immediately preceding the Petition Date, ten (10) of the Debtors (the "Gulf Debtors") had not operated in seven (7) days.[2]

6. At some point, Gulf prepared notices of termination, dated December 23, 2014 (the "Termination Notices") to serve upon the Gulf Debtors. A copy of the Termination Notice received by the Gulf Debtors dated December 23, 2014 is annexed hereto and incorporated herewith as **Exhibit "A"** (all Termination Notices are substantially similar to the notice attached hereto).

7. Gulf neither served, nor did the Gulf Debtors receive, the Termination Notices prior to the Filing Time on the Petition Date.

8. The Gulf Debtors each filed a separate voluntary petition between 11:32 a.m. and 12:18 p.m. on the Petition Date.

9. Gulf served the Termination Notices upon the Gulf Debtors after 2:00 p.m. on the Petition Date.

10. Thereafter, Gulf sent copies of the Termination Notices to the Gulf Debtors by Certified Mail on the Petition Date.

11. Additionally, on December 26, 2014, Gulf sent copies of the Termination Notices to the Gulf Debtors by First Class Mail.

12. All of the Gulf Debtors had filed for relief under chapter 11 of the Bankruptcy Code prior to any service of the Termination Notices upon them.

---

[2] The Gulf Debtors are as follows: (1) Medford Development Corp.; (2) Oceanside Development Corp.; (3) Islip Development Corp.; (4) Islandia Development Corp.; (5) Smithtown Development Corp; (6) Westbury Enterprises, Inc.; (7) Ronkonkoma Development Corp; (8) Brentwood Development Corp.; and (9) Airport Development Corp.; and (10) Wheeler Development LLC.

13. Since Gulf never terminated the Franchise Agreements or Leases prior to the Petition Date and Filing Time, the Debtors are entitled to assume and assign the Franchise Agreements and Leases, as indicated in the Sale Motion.

14. Alternatively, if the Court ultimately determines that the Termination Notices were served prior to the Petition Date and Filing Time, the Gulf Debtors' opportunity to assume and assign the Franchise Agreements and Leases had not expired due to the fact that the Debtors had the right to cure the default and the termination was not effective until January 22, 2014.

15. The Franchise Agreements remain executory and the Leases remain unexpired until the expiration of the cure Period, after the proposed termination Date.

16. Therefore, even if the Termination Notices were effective prior to the Petition Date and Filing Time, the Gulf Debtors could assume and assign the Franchise Agreements until the end of the Cure Period, after the Termination Date.

17. Prior to the Cure Period and Termination Date, the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code, thus preserving their rights.

18. Accordingly, the Debtors assert that the Franchise Agreements were executory and the Leases were unexpired as of the Petition Date even if the Court determines the Termination Notices were served prior to the Petition Date and Filing Time.

## II. GULF REPRESENTED TO THE DEBTORS' THAT THE TERMINATION NOTICES WOULD BE WAIVED IN ORDER TO SELL SUBSTANTIALLY ALL OF THE GULF DEBTORS' ASSETS

19. After the Petition Date and Filing Time, Michael J. Macco, Esq. ("Macco"), and I went to a meeting with NYCB regarding the potential use of cash collateral and requesting debtor-in-possession financing (the "December 24 Meeting").

20. While driving to the December 24 Meeting, Macco and I made a telephone call to Gulf and their representatives, regarding the proposed sale of substantially all of the Gulf Debtors' assets.

21. During that conversation, we informed Gulf that we had substantial offers for substantially all of the Gulf Debtors' assets and would be filing the Sale Motion sometime in January, 2015.

22. The Debtors had not yet received the Termination Notices, but Gulf may have already prepared them.

23. When we informed Gulf of the proposed sales of the Gulf Debtors' assets, Gulf and their representatives said they would "try and push them through."

24. At no point during the conversation did Gulf mention that the Termination Notices were in the process of being served.

25. Based on the statements made by Gulf and their representatives, the Debtors relied upon the support of Gulf in negotiating with NYCB at the December 24 Meeting.

26. Without the statements by Gulf, the Debtors would have approached the December 24 Meeting with an alternative strategy.

27. Since the December 24 Meeting, Gulf has failed to maintain the position asserted by their counsel.

28. Due to Gulf's change in position, the Debtors have been subject to increased scrutiny by both Gulf and NYCB and were forced into filing a Sale Motion earlier than anticipated.

29. Moreover, Gulf's Motion, as well as related motions filed by Gulf to dismiss or convert, have jeopardized the Debtors' chances of a successful reorganization even if the Sale Motion is ultimately approved.

30. Finally, at all times, the Debtors have been in full compliance with all reporting requirements contained in the PMPA and under relevant State and Federal law. Thus, most, if not all of the concerns raised in Gulf's motions have been adequately addressed and their motions should be denied.

**WHEREFORE,** the Debtors request that the Court deny Gulf's motion and grant such other and different relief as the Court deems fit.

_____
STEVE KESHTGAR

Sworn to before me this
20th day of January, 2015

_____
NOTARY PUBLIC