UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              Chapter 11

| | |
|---|---|
| Medford Development Corp. | Case No.: 14-75666-ast |
| Motor Parkway Enterprises Inc. | Case No.: 14-75667-ast |
| Airport Development Corp. | Case No.: 14-75683-ast |
| Wheeler Development LLC | Case No.: 14-75668-ast |
| Smithtown Development Corp. | Case No.: 14-75669-ast |
| Brentwood Development Corp. | Case No.: 14-75670-ast |
| Holbrook Development Corp. | Case No.: 14-75671-ast |
| Carman Development Corp. | Case No.: 14-75672-ast |
| Maple Avenue Hauppauge Dev. Corp. | Case No.: 14-75674-ast |
| Port Jefferson Development Corp. | Case No.: 14-75675-ast |
| Ronkonkoma Development Corp. | Case No.: 14-75676-ast |
| Islandia Development Corp. | Case No.: 14-75677-ast |
| Oceanside Enterprises Inc. | Case No.: 14-75678-ast |
| Islip Development Corp. | Case No.: 14-75679-ast |
| Westbury Enterprises Inc. | Case No.: 14-75680-ast |

                Debtors.                                            (Jointly administered)
-----------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF NOTICE OF MOTION TO FIX THE TIME FOR THE DEBTOR TO ASSUME OR REJECT ITS LEASE OF REAL PROPERTY PURSUANT TO 11 U.S.C. SECTION 365(D)(2) AND TERMINATING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(D)(1)**

Stuart P. Gelberg, the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1.  I am the attorney for Ben-Mil Associates, LLC.

2.  I make this Affirmation in Support of my Notice of Motion to fix the time for the debtor to assume or reject its lease of real property pursuant to 11 U.S.C. Section 365(d)(2) and terminating the automatic stay pursuant to 11 U.S.C. Section 362(d)(1).

## BACKGROUND

3. Ben-Mil Associates, LLC, hereinafter the landlord or movant, is the debtor's landlord. See Schedule G filed by the debtor in the Holbrook Development case.

4. The debtor operates a gas station and convenience store at the leased premises known as 5665 Sunrise Highway, Holbrook, New York.

5. This motion relates to Holbrook Development Corp., 8-14-75671-ast.

6. The lease from the movant to the debtor requires, in part, that the debtor pay the real property taxes for the leased premises. See lease annexed hereto as Exhibit "A".

7. The debtor has failed to pay those real property taxes. See Schedule E filed by the debtor. The amount due is at least $64,000.

8. The lease further requires the debtor to operate the premises in accordance with all applicable laws.

9. Annexed hereto as Exhibit "B" is a copy of a Summons issued by the Town of Islip for the debtor's failure to have the required permits to operate the leased premises.

## FIXING THE TIME TO ASSUME OR REJECT

10. 11 U.S.C. Section 365(d)(2) authorizes this Court to "...order the trustee [debtor herein] to determine within a specified period of time whether to assume or reject such...lease".

11. The movant seeks an Order of this Court terminating the debtor's time to assume and deeming the lease rejected.

12. Pursuant to 11 U.S.C. Section 365(d)(4)(A) the debtor has 120 days from the date of commencement of this case on December 24, 2014 within which to assume the lease. I estimate the last day to assume to be April 23, 2015.

13. As demonstrated by Exhibit "B", the debtor is operating the business in violation of law and has upon information and belief, done so from inception of the lease, causing the landlord to become liable to the Town of Islip for the debtor's illegal conduct.

14. In order to assume or assume and assign the lease the debtor must cure all defaults, including non-monetary defaults such as the violations referred to above.

15. Upon information and belief the debtor has no intention and no ability to cure its default. The landlord has previously demanded on numerous occasions that the debtor cure its violation. The debtor has not taken any steps or at least steps adequate to cure its violation.

16. Therefore it is apparent that the debtor will be unable to assume the lease.

## GRANTING RELIEF FROM STAY

17. 11 U.S.C. Section 362(d)(1) authorizes this Court to terminate the automatic stay upon cause shown.

18. The debtor can not assume the lease as set forth above and therefore the lease will be deemed rejected whether by Order of this Court on this motion or by operation of law 120 days from the order for relief. See 11 U.S.C. Section 365(d)(4)(A).

19. Moreover the debtors failure to pay the real property taxes will cause the property to go "in rem" and unless the landlord pays those taxes the landlord will lose its property.

20. All of the assets are subject to a "Blanket Lien" held by 5665 Sunrise Corp. See Schedule D filed by the debtor. Therefore the debtor lacks sufficient monies necessary to pay those taxes which is not only cause to grant relief from stay but also a sufficient independent basis for the Court to deem the lease rejected.

WHEREFORE, your affirmant respectfully requests an Order of this Court deeming the debtor's lease with Ben-Mil Associates, LLC rejected, granting Ben-Mil Associates, LLC relief from the automatic stay and for such other further and different relief as this Court may deem just proper and equitable.

Dated: Garden City, New York
February 24, 2015

s/Stuart P. Gelberg
STUART P. GELBERG, (SG 6986)
Attorney for Ben-Mil Associates, LLC
600 Old Country Road, Suite 410
Garden City, NY 11530
(516) 228-4280